## Hahl Estate

*J. Ernest Nachod* and *Elmer C. Pfeiffer*, for accountants.

*Donald A. Gallager*, of *Waters, Cooper & Gallager*, for exceptants.

*Arthur W. Bean*, trustee ad litem.

VAN RODEN, P. J. (specially presiding), March 2, 1954.—With respect to the following adjudication the accountants have leave to make such assignments, transfers and acquittances as may be necessary to consummate the same.

Decedent died January 21, 1936. By this proceeding, the accountants submit the first accounting of the trust fund in their custody, consisting of decedent's residuary estate which he devised and bequeathed in trust for the benefit of his daughter, Margaret Hahl Gordon, for life, with remainder in favor of decedent's grandchildren living at the time of death of said daughter and the issue of any deceased grandchild then living, per stirpes, and in default of issue then unto decedent's brothers and sisters then living, in equal shares, as more fully set forth in decedent's will and codicil.

Decedent's daughter, Margaret Hahl Gordon, is still alive and the trust continues for her benefit and no portion of the corpus of the trust fund is presently ripe for distribution unto the remaindermen designated in decedent's will and codicil.

The reason or purpose of the filing of the present accounting is that it was demanded by Margaret Hahl Gordon, who is one of the trustees and is also life income beneficiary, as aforesaid. However, it is noted that the account, as filed, has not been signed by Margaret Hahl Gordon. On the contrary she has filed

"exceptions" (more properly termed objections) to the account, which will be hereinafter more fully considered.

The court is assured that all parties in interest have had actual notice of the filing of the account and of the time and place of audit. In this connection it is noted that by decree of this court dated September 21, 1953, Arthur W. Bean, Esq., a member of the bar of this court, was appointed trustee ad litem to represent all unborn or unascertained persons having any interest in remainder under decedent's will and codicil.

The account presently before the court is not subject to the payment of inheritance tax unto the Commonwealth of Pennsylvania at the present time, as appears by the inheritance tax certificate of the register of wills submitted for the court's inspection, and which certifies "that the tax assessed has been paid in full but should any portion pass to collateral heirs of decedent an additional tax of 8% will become due".

The accountants have requested additional credit in the sum of $22.50, covering reimbursement to John W. Hagan, one of the trustees, for payment to Ann Scarino for setting-up and typing the account. In the absence of any objection thereto, the same is hereby allowed by the court and the accountants are hereby directed to pay the sum of $22.50 unto John W. Hagan out of the assets of the trust estate, and additional credit is hereby allowed unto the accountants therefor.

The above-mentioned exceptions to the account, filed on behalf of Margaret Hahl Gordon, life income beneficiary, and her two children, Robert Hahl Gordon and Margaret Gordon Miles, holders of vested interests in remainder, were originally 11 in number. However, at the time of the hearings which were held in open court on December 11, 1953, and January 22, 1954, counsel for exceptants stated that exceptions nos. 1 to 3, inclusive, and nos. 5 to 9, inclusive, and exception no. 11, were formally withdrawn of record. Accord-

ingly, this need not be further considered by the court.

Exception nos. 4 and 10 remain before the court for disposition.

Exception no. 4 reads as follows:

"4. The following item under the heading principal disbursements on page three of the account should be eliminated:

December 29 Pd. Collector of Internal Revenue, Federal
 Inheritance Tax, as follows:

| | | |
|---|---|---:|
| 1937 | November 4 | $4,000.00 |
| 1938 | April 19 | 1,500.00 |
| | October 20 | 1,000.00 |
| 1939 | June 1 | 675.18 |
| | June 16 | 6.16 |
| | October 5 | 1,000.00 |
| 1940 | April 25 | 1,000.00 |
| | October 7 | 1,000.00 |
| 1941 | October 9 | 1,000.00 |
| | December 29 | 2,020.51 |

| | |
|---|---:|
| | $13,201.85 |
| Amount withheld for said tax, as per Adjudication, dated April 7, 1937 ... | 12,000.00 |
| Additional tax and interest paid by accountants | $1,201.85 |

for the reason that it was an improper disbursement of income from the trust estate."

It appears from the testimony submitted at the hearings and the other competent evidence in the case that the principal asset of decedent's estate consisted of 2,133 shares of common stock of Tank Car Corporation of America appraised at $145,044. Subsequently, by virtue of a stock split-up, the number of shares increased to 8,532. The asset constitutes the corpus of the trust estate presently before the court and it was awarded unto the trustees by adjudication of this court, sur the first and final account of the executors, dated April 7, 1937, "subject to the payment of any further transfer inheritance tax that may properly be found to be due".

The present accounting discloses a cash deficit of principal of $14,449.91, which is attributable to the fact that the principal has been kept intact and that income from the estate has been used to pay principal debts.

The principal complaint of the life income beneficiary relates to a series of payments made by the accountants since November 4, 1937, until December 29, 1941, aggregating $13,201.85. Such payments were made unto the Collector of Internal Revenue for Federal estate taxes. Because of the fact that there was no principal cash in the estate, the accountants diverted income from dividends, which would normally have been payable to the life tenant, and used same for the payment of the Federal estate taxes. The life income beneficiary now asks reimbursement out of principal to cover this transfer from income to principal. The trustee ad litem resists reimbursement of this item by the accountants on the ground that the life income beneficiary acquiesced in payment of the taxes out of income and also on the ground that her claim is now barred by the statute of limitations.

It is conceded that under date of April 30, 1940, the life income beneficiary signed the following written statement:

"I hereby acknowledge that I have received to date from the estate of Harry M. Hahl, deceased, all the dividends due me and I further acknowledge my acquiescence to the payment out of dividends of Federal taxes due the United States of America, in order to preserve the principal of the trust.

/s/ Margaret Hahl Gordon."

Thus, it is clear that at the time the dividends were used for the purpose of paying Federal taxes, the income beneficiary acquiesced therein and was satisfied therewith. This is understandable, since it was clearly to her benefit at that time to have the Tank Car Corporation of America stock retained by the

trustees intact, inasmuch as a sale of a portion of these shares to provide the necessary cash for the payment of Federal estate taxes would not only reduce the income subsequently to come into the hands of the income beneficiary, but might also affect the trustees' control of the corporation by permitting the introduction of a stranger into the shareholders' group.

It follows, therefore, that the life beneficiary cannot complain about the transfer of income to principal for the payment of a principal debt since same was expressly acquiesced therein. However, it would be a complete non sequitur to conclude that by mere acquiescence she intended to forego permanently her right to reimbursement if and when sufficient principal cash should be available for such purpose.

On the contrary, the normal inference would be that she was content to suffer a temporary deprivation of income for the purpose of keeping the principal intact with the expectation of reaping the benefit of undiminished income in the future, plus the eventual return of the income temporarily loaned to principal. The fact that she has waited some 10 or 12 years before requesting reimbursement for same is not vital to her claim, since at no time was there ever any principal cash on hand out of which she might claim reimbursement.

We do not think that the statute of limitations applies to the instant situation. Rather, this is a case where any defense based on unnecessary delay would be in the nature of laches. We are further of the opinion that the income beneficiary's present claim for relief is not barred by laches since her delay has not resulted in detriment to any other party in interest. Neither the trustees nor the alternate remaindermen have been harmed by her failure to request reimbursement before this time. Furthermore, to refuse such reimbursement would result in gross inequity, since the corpus of the trust fund which the

income beneficiary generously sought to protect would be aggrandized beyond the expectations and intentions of testator. This would result in unmerited and unjust enrichment of the alternate remaindermen. It is not without significance that the two vested remaindermen who are principals in esse and sui juris, have not only failed to oppose the income beneficiary's request but have affirmatively joined in support thereof.

Accordingly, exception no. 4 is hereby sustained by the court and the accountants are hereby directed to reimburse Margaret Hahl Gordon, income beneficiary to the extent of $13,201.85, covering payments advanced from income to principal for the payment of Federal estate taxes. Such reimbursement is to be made out of principal. Inasmuch as there is still no principal cash in the hands of the trustees available for such reimbursement, the trustees are hereby granted leave to assign, transfer and deliver unto Margaret Hahl Gordon a sufficient number of shares of the common stock of the Tank Car Corporation of America, out of the shares now held by the trustee as the principal asset of the estate, to effect such reimbursement. The number of shares so transferred shall be based upon a per share valuation to be mutually satisfactory to the trustees, the income beneficiary, and the trustee ad litem, which valuation may be reflected in the schedule of distribution hereinafter directed to be filed.

Exception no. 10 reads as follows:

"10. The following item under the heading INCOME, DISBURSEMENTS on page nine of the account should be eliminated

> 1953 June, Pd. W. H. Schaefer, Accountants' fee for auditing Trustee's records and preparing this account for filing in the Orphans' Court of Montgomery County ........................ $ 750.00

for the reason that said services if rendered were not at the request of the trustees or the beneficiaries."

It appears that although the inception of the trust was in 1937, the account presently before the court is the first one to be filed. Thus a period of more than 16 years has elapsed in the interim. During that period, certain papers and records relating to the trust estate disappeared from their place of safekeeping. Consequently, when it came time to prepare the instant account for filing, as demanded by the income beneficiary, John Wesley Hagan, who is apparently the most active of the three trustees, engaged the services of W. H. Schaefer for the purpose of auditing the trustees' records and preparing the account. Mr. Schaefer made a charge of $750 for these services and this has been paid by Mr. Hagan. In the account Mr. Hagan has requested reimbursement of this item, as more fully set forth on page 9 of the account.

It is conceded by all parties concerned that the charge of $750 made by Mr. Schaefer is fair and reasonable in amount. The sole issue raised by exception no. 10 (and pressed by the trustee ad litem as well as by the income beneficiary) is that the account in this estate is so relatively simple that if the trustees had kept proper records they would have been able to prepare the account themselves without requiring the services of Mr. Schaefer. There is much merit in this contention, and this court is disinclined to allow compensation for accounting services performed by some person other than the accountants, in the absence of unusual or extraordinary circumstances. Nonetheless, it would be manifestly unfair to impose the entire expenses upon Mr. Hagan. Although he may have been the most active of the trustees, the law imposed equal duties and responsibilities upon the other trustees and they were fully as obligated as he to see that proper books and records of the trust were regularly maintained.

It would be unfair and inequitable to require Mr. Hagan to be surcharged for more than one third of the

$750. Each of the trustees should likewise in all fairness be surcharged to the same extent.

Accordingly, exception no. 10 is hereby sustained by the court and all three trustees are hereby surcharged with the item of $750. It is hereby directed by the court that the credit for this item appearing on page 9 of the account is to be deemed disallowed and stricken therefrom. It is further ordered and directed by the court that each of the three trustees shall pay the sum of $250 in order· to reimburse the estate for such payment of $750. Inasmuch as the trustees have received full and ample commissions, it will impose no hardship upon them to share the expense of the accounting services which they themselves could well have provided had they been duly observant of their duties and responsibilities.

The report of the learned trustee ad litem is hereby approved and directed to be filed. Inasmuch as he will have additional duties to perform in connection with the valuation of the shares of stock to be transferred to the income beneficiaries, the court will defer fixing his compensation until the duties of the trustee ad litem have been completed. When so fixed by separate order of this court, the fee so allowed shall be paid out of the principal of the estate. To accomplish same the trustees are hereby directed to assign, transfer and deliver unto the income beneficiary such additional shares of stock as may be required to provide cash funds for such payment, as well as other accounting expenses, such cash to be advanced and paid by the income beneficiary prior to actual transfer of the shares of stock as aforesaid. This may likewise be reflected in the schedule of distribution hereinafter directed to be filed.·

Conformably to the provisions of decedent's will and the petition for adjudication, subject to the surcharges herein imposed and subject to transfer to the life in-

come beneficiary of certain shares of stock as hereinabove directed and also subject to payment of compensation of the trustee ad litem as may be fixed by subsequent order of court and also subject to such distribution as may heretofore have properly been made (if any), the accountants are directed to pay over and deliver unto: Margaret Hahl Gordon, John Wesley Hagan and Henry M. Keller, trustees, in further trust for the uses and purposes set forth in decedent's will and for further administration and accounting, balance of principal; Margaret Hahl Gordon, daughter of decedent, balance of income.

Distribution may be made in kind and the accountants are hereby directed to file a schedule of distribution.